**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GLENN H. GORTON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-08-1384-F |
| | ) | |
| DAVID C. MILLER, *et al*., | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, Glenn H. Gorton, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint has been conducted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons set forth below, it is recommended that this case be dismissed as frivolous on grounds that Plaintiff's Complaint is duplicative of claims asserted in other cases previously filed or currently pending before this Court. *See McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious") (internal quotations and citation omitted). It is further recommended that the dismissal count as a prior occasion or "strike" pursuant to 28 U.S.C. § 1915(g).

**I.     Plaintiff's Claims**

Plaintiff is incarcerated at Lawton Correctional Facility (LCF) in Lawton, Oklahoma. In this lawsuit Plaintiff alleges that he has been denied access to legal materials and to an adequate law library. He further alleges prison grievances have been mishandled and that

prison officials do not follow the grievance policies. Finally, Plaintiff alleges "medical neglect" contending that he is being denied nutritional food and a medically approved "diet change."

## II.     Plaintiff's Other Lawsuits

Plaintiff has filed at least three other lawsuits in this judicial district in which he has raised claims virtually identical to the claims raised here. All of the lawsuits have been filed while Plaintiff has been incarcerated at LCF.

The first of these lawsuits was filed on March 7, 2007, Case No. CIV-07-284-F. Summary judgment was entered in favor of all Defendants. *See* Report and Recommendation [Doc. #133, June 11, 2008]; Order Adopting [Doc. #138, July 17, 2008]; Judgment [Doc. #139, July 17, 2008].[1] The next lawsuit was filed on December 9, 2008, Case No. CIV-08-1342-F. That case is currently pending in this judicial district.[2] The third lawsuit was filed on December 24, 2008, Case No. CIV-08-1383-F, the same date Plaintiff filed the instant action. That case also remains pending in this Court. A Report and Recommendation filed on February 4, 2009, recommends dismissal of the action on grounds that the action is

---

[1]Plaintiff raised the following claims in Case No. CIV-07-284-F: (1) denial of his constitutional right of access to the courts; (2) unconstitutional conditions of confinement related to the quality of food at LCF; (3) medical neglect.

[2]In Case No. CIV-08-1342-F, Plaintiff claims he has been denied access to the courts because he has not been provided legal materials or access to a law library. Plaintiff further claims prison officials are not answering his prison grievances.

repetitious of the claims raised in Case No. CIV-07-284-F and, therefore, frivolous. *See* Report and Recommendation [Doc. #11].[3]

### III.   Analysis

Given the litigation record set forth above, Plaintiff's claims in this action are duplicative of some or all of the claims raised in three previously filed actions, two of which remain pending in this judicial district.

> "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The power "is meant to foster judicial economy and the comprehensive disposition of litigation. The doctrine is also meant to protect parties from the vexation of concurrent litigation over the same subject matter." *Id*. (internal quotation marks and citations omitted).

*Ford v. Mischeviz*, No. 03-1008, 2003 WL 21290951 (10th Cir. June 5, 2003) (unpublished op.). Plaintiff's claims in this action do not significantly differ from the claims made in the prior actions, and sound management of the Court's docket warrants dismissal of this duplicative action.

### IV.   Pending Motions

Plaintiff has filed a Motion for Order [Doc. #8] seeking to find out "why the envelope was removed from legal mail on 01-05-09" and a Motion to Appoint Counsel [Doc. #9]. Based on the recommendation above that Plaintiff's action be dismissed as duplicative and, therefore, frivolous, it is further recommended that Plaintiff's Motions be denied.

---

[3] Plaintiff raises the following claims in Case No. CIV-08-1383-F: (1) denial of access to legal materials; (2) nutritionally inadequate meals; and (3) medical neglect.

## **RECOMMENDATION**

It is recommended that Plaintiff's action be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) on the basis of duplication of claims in other pending actions. The dismissal should be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

It is further recommended that Plaintiff's Motion for Order [Doc. #8] and Motion to Appoint Counsel [Doc. #9] be denied.

## **NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by March  16th , 2009. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __24th__ day of February, 2009.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE